[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 4, 2004
THOMAS K. KAHN
CLERK

No. 03-16381
Non-Argument Calendar

D.C. Docket No. 03-00854-CV-T-23-MAP

HUGH W. BOONE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

Appeal from the United States District Court for the
Middle District of Florida

**(June 4, 2004)**

Before ANDERSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Hugh W. Boone, proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from judgment from the order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. On appeal, Boone argues that the district court abused its discretion by denying his Rule 60(b) motion based on its finding that the date of his re-sentencing was irrelevant for purposes of determining when the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period for federal writs of habeas corpus had commenced. For the reasons set forth more fully below, we affirm the district court's order.

Boone is a Florida prisoner who was sentenced to a total of 16.75 years' imprisonment for sexual battery, possession of cocaine, and multiple child sex offenses. Boone filed a § 2254 petition on May 5, 2003, challenging the lawfulness of his arrest and the search of his residence. Boone also argued that his defense counsel had rendered ineffective assistance by failing to move to suppress evidence that Boone alleged was unlawfully seized. In his petition, Boone noted that the "Date of judgment of conviction" was January 9, 1997, but that he had been re-sentenced on October 10, 2002, subsequent to his filing a Florida Rule of Criminal Procedure 3.800 motion for post-conviction relief.

The district court sua sponte dismissed Boone's § 2254 petition as time-barred under the AEDPA's one-year period of limitations for writs of habeas corpus. The court found that Boone's convictions had become final on February 8, 1997, and that the AEDPA's one-year statute of limitations had expired in February 1998.

Boone moved for reconsideration of the court's order, pursuant to Rule 60(b), arguing that his § 2254 petition should be deemed timely filed because he had filed it within one year of the date on which he was re-sentenced. In support of his claim, Boone cited Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003), where we held that the statute of limitations for a § 2254 petition that contained claims challenging the petitioner's original judgment of conviction as well as claims challenging his re-sentencing judgment began to run on the date the re-sentencing judgment became final.

The district court denied Boone's Rule 60(b) motion, finding that Walker was inapplicable because Boone's § 2254 petition challenged only the validity of his underlying conviction. Consequently, the court found that the date of Boone's re-sentencing, which did not affect the validity of his convictions, was irrelevant for purposes of calculating the AEDPA's one-year limitations period. Thereafter, the court granted a certificate of appealability as to "whether a

3

petitioner is entitled to the benefit of a new statute of limitations period commencing from the date of re-sentencing pursuant to [Walker] when the petition for writ of habeas corpus challenges only the original trial proceedings and does not raise any challenge based on the re-sentencing proceedings."[*]

On appeal, Boone argues that the district court erred by denying his Rule 60(b) motion based on its finding that the date of his re-sentencing was irrelevant for purposes of determining when the AEDPA's one-year limitations period had commenced. Boone maintains that, under Walker, the limitations period should have begun on the date that his re-sentencing judgment became final, regardless of whether his § 2254 petition challenged his re-sentencing judgment. Boone additionally contends that, in finding that his § 2254 petition was not timely, the district court erroneously employed a "claims approach," whereby it separately reviewed each of his claims for timeliness.

We review for abuse of discretion the denial of a Rule 60(b) motion. Davis v. Florida Power & Light Co., 205 F.3d 1301, 1304 n.4 (11th Cir. 2000). The AEDPA imposes a one-year period of limitations for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitations period for petitioners whose

---

[*] The scope of the instant appeal is limited to whether the district court abused its discretion by denying Boone's Rule 60(b) motion and does not extend to the validity of the underlying judgment per se.

convictions became final after the enactment of the AEDPA beings to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

We have held that the statute of limitations for a § 2254 petition challenging a re-sentencing court's judgment commences on the date that the re-sentencing judgment became final. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000) (stating that "the AEDPA cannot be interpreted to require a prisoner to raise claims before they arise"). We also have held that, under § 2244(d)(1)(A), the limitations period for a § 2254 petition challenging both a petitioner's original judgment of conviction and his re-sentencing judgment begins to run on the date

that the re-sentencing judgment became final.  Walker, 341 F.3d at 1246 (concluding that petitioner was entitled to challenge both judgments in his § 2254 petition and that the date on which his re-sentencing judgment became final was the latest of the several possible triggering dates provided in § 2244(d)(1)).

As the district court found, this case is distinguishable from Walker because, unlike in that case, Boone's § 2254 petition contested only the underlying validity of his convictions and did not in any way challenge his re-sentencing judgment.  Furthermore, we have never held that the limitations period for a habeas application that challenges only the petitioner's original judgment commences on the date that the re-sentencing judgment became final.  Additionally, the plain language of § 2244(d)(1) mandates a finding that the latest possible triggering date for an application that challenges only the original judgment is the date on which that judgment became final.  See 28 U.S.C. §§ 2244(d)(1)(A), (D) (stating that the limitations period begins to run from the latest of "the date on which the judgment became final" . . . or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").  Based on the foregoing, the district court did not apply an incorrect legal standard or make a clear error of judgment by finding that Boone was not entitled to relief under Walker.  See Alexander v.

6

Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000) ("When employing an abuse of discretion standard, 'we must affirm unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard'") (civil rights case).

Finally, Boone's assertion that the district court applied a "claims approach" is unsupported by the record. The court's orders dismissing Boone's § 2254 petition and denying Boone's Rule 60(b) motion in no way indicate that the court separately reviewed each of his claims for timeliness.

Accordingly, we conclude that the district court's denial of Boone's Rule 60(b) motion did not constitute an abuse of discretion. We, therefore, affirm.

**AFFIRMED.**