[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2004
THOMAS  K. KAHN
CLERK

No. 03-16381
Non-Argument Calendar

D.C. Docket No. 03-00854-CV-T-23-MAP

HUGH W. BOONE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

Appeal from the United States District Court for the
Middle District of Florida

**(July 22, 2004)**

Before ANDERSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

The opinion that issued in this matter on June 4, 2004 is hereby vacated and withdrawn and the following substituted therefor:

Hugh W. Boone, proceeding *pro se*, appeals the district court's dismissal of his Federal Rule of Civil Procedure 60(b) motion for relief from judgment from the order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. On appeal, Boone argues that the district court abused its discretion by denying his Rule 60(b) motion based on its finding that the date of his re-sentencing was irrelevant for purposes of determining when the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period for federal writs of habeas corpus had commenced. Finding that the district court lacked jurisdiction to review Boone's Rule 60(b) motion, we affirm the dismissal of the motion.

Boone is a Florida prisoner who was sentenced to a total of 16.75 years' imprisonment for sexual battery, possession of cocaine, and multiple child sex offenses. Boone filed a § 2254 petition on May 5, 2003, challenging the lawfulness of his arrest and the search of his residence. Boone also argued that his defense counsel had rendered ineffective assistance by failing to move to suppress evidence that Boone alleged was unlawfully seized. In his petition, Boone noted that the "Date of judgment of conviction" was January 9, 1997, but that he had

been re-sentenced on October 10, 2002, subsequent to his filing a Florida Rule of Criminal Procedure 3.800 motion for post-conviction relief.

The district court *sua sponte* dismissed Boone's § 2254 petition as time-barred under the AEDPA's one-year period of limitations for writs of habeas corpus. The court found that Boone's convictions had become final on February 8, 1997, and that the AEDPA's one-year statute of limitations had expired in February 1998.

Boone moved for reconsideration of the court's order, pursuant to Rule 60(b), arguing that his § 2254 petition should be deemed timely filed because he had filed it within one year of the date on which he was re-sentenced. In support of his claim, Boone cited *Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003), where we held that the statute of limitations for a § 2254 petition that contained claims challenging the petitioner's original judgment of conviction as well as claims challenging his re-sentencing judgment began to run on the date the re-sentencing judgment became final.

The district court denied Boone's Rule 60(b) motion, finding that *Walker* was inapplicable because Boone's § 2254 petition challenged only the validity of his underlying conviction. Consequently, the court found that the date of Boone's re-sentencing, which did not affect the validity of his convictions, was

irrelevant for purposes of calculating the AEDPA's one-year limitations period.

Thereafter, the district court granted a certificate of appealability ("COA") as to "whether a petitioner is entitled to the benefit of a new statute of limitations period commencing from the date of re-sentencing pursuant to [*Walker*] when the petition for writ of habeas corpus challenges only the original trial proceedings and does not raise any challenge based on the re-sentencing proceedings."

On appeal, Boone argues that the district court erred by denying his Rule 60(b) motion based on its finding that the date of his re-sentencing was irrelevant for purposes of determining when the AEDPA's one-year limitations period had commenced. Boone maintains that, under *Walker*, the limitations period should have begun on the date that his re-sentencing judgment became final, regardless of whether his § 2254 petition challenged his re-sentencing judgment. Boone additionally contends that, in finding that his § 2254 petition was not timely, the district court erroneously employed a "claims approach," whereby it separately reviewed each of his claims for timeliness.

We cannot reach these questions because the district court never had jurisdiction to entertain the Rule 60(b) motion. We are obligated to raise questions concerning our subject matter jurisdiction *sua sponte* in all cases. *See, e.g.*, *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) ("While neither

4

party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y for the Dep't of Corr.*, the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004).[1] In *Gonzalez*, one petitioner, much like Boone, filed a Rule 60(b) motion asking the district court to relieve him of its final judgment dismissing his habeas petition as time-barred. *Id*. at 1261. The basis for his motion was an intervening Supreme Court decision interpreting the "properly filed" clause of the tolling provision contained in the habeas statute. *Id*. On appeal, a panel of this Court decided that "a certificate of appealability is required before an appeal of the denial of Rule 60(b) relief from a judgment denying habeas relief is permitted." *Id*. That decision was subsequently vacated and Gonzalez's case, along with the appeals of two other similarly situated petitioners, was reinstated for consideration en banc. *Id*. at 1262.

Sitting en banc, our Court found that the Supreme Court's recent decision in *Calderon* clarified the viability, post-AEDPA, of Rule 60(b) motions in the

---

[1]We recognize that the district court did not have the advantage of our en banc opinion at the time it considered Boone's Rule 60(b) motion.

context of federal habeas petitions.[2] We held that district courts do not have the jurisdiction to consider Rule 60(b) motions to reconsider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[3] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

Such is the case here. Boone's Rule 60(b) motion, like Gonzalez's, was not designed to prevent a fraud upon the court, but rather to reopen his habeas judgment based on intervening law – and thus should not have been entertained by the district court. Accordingly, we find that the district court lacked subject matter jurisdiction over Boone's Rule 60(b) motion. As such, it also was without jurisdiction to grant a COA. The COA issued by the district court is VACATED and the dismissal of the motion is AFFIRMED based upon a lack of jurisdiction.

---

[2]In *Calderon*, the Supreme Court ruled that the use of mandate recalls in the field of habeas cases is severely restricted because it can be regarded as a second or successive application, contrary to Congress' goal in the AEDPA to ensure greater finality of state and federal court judgments in criminal cases. *Calderon v. Thompson*, 523 U.S. 538, 553-58 (1998). The Court concluded that *sua sponte* mandate recalls should not be granted unless necessary to prevent a miscarriage of justice; that is, to correct a clerical error in the judgment or where there has been fraud upon the court. *Id*. at 557-58.

[3]Like *Calderon*, we held that the district court also has jurisdiction to consider a motion made under Rule 60(a) to correct a clerical error.