[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12796
Non-Argument Calendar

_____

D. C. Docket No. 02-00522-CV-J-20-TEM

RUBEN LEE RUSSELL EL-AMIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 28, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Ruben Lee Russell El-Amin, a federal prisoner, appeals pro se the district court's order denying his "motion to reopen habeas judgment as a result of fraud upon the court," which he filed pursuant to Fed.R.Civ.P. 60(b). Because El-Amin filed his original 28 U.S.C. § 2255 motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), its provisions govern this appeal. El-Amin argues on appeal that he was entitled to Rule 60(b) relief because, five days after his criminal judgment was entered, he filed his motion for appointment of counsel, wherein he expressly stated that he was appealing his convictions and sentences, but the district court did not construe this as a notice of appeal ("NOA"). For the reasons set forth more fully below, we affirm, but remand for the limited purpose of allowing the district court to amend its order to reflect that El-Amin's Rule 60(b) motion is dismissed for lack of jurisdiction.

El-Amin filed the instant pro se motion to reopen his § 2255 proceedings, pursuant to Fed.R.Civ.P. 60(b), asserting "fraud upon the court." El-Amin specifically contended that the district court, the prosecutor in his underlying criminal case, and "other unknown conspirators" had "[bought] the silence of" El-Amin's last appointed counsel and had conspired to deprive El-Amin of his right to a direct appeal. El-Amin also argued in this Rule 60(b) motion that (1) the district

2

court had (1) committed fraud by approving funds under the Criminal Justice Act ("CJA") for the defense counsel who had represented El-Amin at sentencing, and (2) continued to "cover-up [] the fraud" in this case.

Prior to El-Amin filing this Rule 60(b) motion, a federal grand jury had charged him with seven counts of making false claims against the United States, in violation of 18 U.S.C. § 287, and five counts of making and using false W-2 forms, in violation of 18 U.S.C. § 1001. Although the district court appointed three separate attorneys to represent El-Amin, it allowed each, on El-Amin's motion, to withdraw their representation. El-Amin, thereafter, waived his right to counsel and was granted leave by the court to proceed pro se, with stand-by counsel.

Five days before El-Amin's trial was set to begin, he moved to "withdraw" his pro se status. On the following day, El-Amin and the government filed a plea agreement. The magistrate judge appointed El-Amin stand-by counsel for the purpose of assisting El-Amin at his change-of-plea hearing. El-Amin consented to having the magistrate conduct his change-of-plea hearing, at which he pled guilty to three counts of making false claims against the United States. At the conclusion of this hearing, the magistrate recommended that the court accept the plea.

Six days later, El-Amin moved pro se to withdraw his plea. The court, nevertheless, adopted the magistrate's recommendation to accept the plea and

3

adjudged El-Amin guilty. On El-Amin's motion, however, the court appointed new counsel to represent him at sentencing. The court sentenced El-Amin to 82 months' imprisonment. At the conclusion of the hearing, the court also allowed El-Amin's counsel, appointed for purposes of sentencing, to withdraw, advised El-Amin of his right to appellate counsel, and instructed El-Amin to file a written motion if he wished to have counsel appointed.

El-Amin subsequently moved the court to appoint counsel on appeal. The court, however, denied this motion, determining that El-Amin had forfeited his right to counsel by (1) filing a civil suit and a bar proceeding, (2) threatening to file a bar proceeding against each of his five appointed attorneys, and (3) accusing each of these attorneys of ineffectiveness and misconduct. The court also determined that El-Amin was capable of representing himself and of filing his own NOA. El-Amin failed to file a direct appeal.

El-Amin, instead, filed a pro se § 2255 motion, asserting: (1) the court induced his guilty plea by making comments at the end of his suppression hearing; (2) the magistrate induced his guilty plea by making improper comments at his change-of-plea hearing; (3) the court erred in denying his motion to withdraw his involuntary guilty plea; and (4) the court denied him his right to a direct appeal and to appellate counsel. The district court denied El-Amin's § 2255 motion on the

4

merits. (R4-214). In his application for a certificate of appealability ("COA") before this Court, El-Amin asserted, inter alia, that his appeal rights were denied despite his statement of an intent to appeal in his motion for appointment of counsel. We granted a COA, but limited our review to whether the district court had erred in denying El-Amin's claim that his guilty plea was involuntary because he had moved to withdraw it prior to the court's acceptance of his plea. On appeal, we answered this question in the negative and affirmed the district court's denial of El-Amin's § 2255 motion. El-Amin subsequently filed the instant Rule 60(b) motion.

The district court summarily denied this Rule 60(b) motion. El-Amin filed an NOA and an application for a COA, alleging fraud from the denials of his right to appeal and appointment of counsel. The district court denied him a COA. We, however, granted him a COA on: "[w]hether El-Amin is entitled to relief under Fed.R.Civ.P. 60(b)(6) when, five days after his criminal judgment was entered, he filed his motion for appointment of counsel, wherein he expressly stated that he was appealing his convictions and sentences, but the district court did not construe this as a notice of appeal."

El-Amin argues on appeal that, although Rule 60(b)(6) is an extraordinary remedy, he should have been granted relief because he included in his Rule 60(b)

5

motion "undisputed facts of reckless disregard for the truth" by the government and an abrogation of the judicial function by the court.  El-Amin also contends that the district court's failure to liberally construe his motion for appointment of appellate counsel as an NOA, and its denial of his § 2255 motion, amounted to a "travesty of justice" because, as a result, he lost both his right to a direct appeal and his protections under the Writ of Habeas Corpus.  Additionally, El-Amin contends that, had he not been deprived of his right to a direct appeal, he could have raised concerns he had about his plea colloquy.[1]

We review the denial of a Rule 60(b) motion for an abuse of discretion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  On the other hand, we review a district court's legal conclusions in a § 2255 proceeding de novo and the underlying facts for clear error.  Id.  Additionally, we "review de novo questions concerning the jurisdiction of the district court."  United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998).

As a preliminary matter, we are obligated to raise questions concerning our subject matter jurisdiction sua sponte in all cases.  Boone v. Sec'y, Dep't of

---

[1] To the extent El-Amin also is arguing in his reply brief that the government abandoned its right to file a response brief by neither filing a timely brief, nor alleging excusable neglect, we have granted the government's "motion for reconsideration of denial of motion for extension of time or, in the alternative, motion to file brief out of time."

6

Corrections, 377 F.3d 1315, 1316 (11th Cir. 2004). Appellate review normally is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). To the extent El-Amin's Rule 60(b) motion was challenging the district court's judgment denying his prior § 2255 motion, he needed, and obtained, a COA. See also Gonzalez v. Sec'y for Dep't of Corrections, 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc) (holding that a COA is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceedings), aff'd on other grounds sub nom., Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).[2]

The COA here only includes: "[w]hether El-Amin is entitled to relief under Fed.R.Civ.P. 60(b)(6) when, five days after his criminal judgment was entered, he filed his motion for appointment of counsel, wherein he expressly stated that he was appealing his convictions and sentences, but the district court did not construe this as a notice of appeal." Nevertheless, to the extent El-Amin is arguing that he was seeking relief in his Rule 60(b) motion from the underlying criminal judgment, instead of from the district court's denial of his first § 2255 motion, he was not required to obtain a COA. See Gonzalez, 366 F.3d at 1263. Thus, despite its

---

[2] We recently explained that, although the Supreme Court in Gonzalez did not endorse our position as to this COA requirement, it also did not disturb it. See Jackson v. Crosby, No. 04-15992, manuscript op. at 8-9 (11th Cir. Feb. 2, 2006) (citation omitted).

absence from our COA, El-Amin's argument that he was entitled to relief based on fraud also is reviewable on appeal.

Under Rule 60(b)(3), a court may relieve a party from a final judgment based on "fraud . . . misrepresentation, or other misconduct of an adverse party." See Fed.R.Civ.P. 60(b)(3). "Most of the provisions of Rule 60(b), which vest courts with broad discretion to reopen judgments on a wide variety of grounds, are inconsistent and irreconcilable with the AEDPA's purpose, which is to greatly restrict the power of federal courts to award relief to [] prisoners who file second or successive habeas corpus applications." Gonzalez, 366 F.3d at 1271. Thus, we concluded in Gonzalez that the AEDPA's successive-petition rules in §§ 2244(b)(3)(A) and 2255 generally apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief. Id. at 1262. Furthermore, although the Supreme Court, in affirming in part our decision in Gonzalez, rejected our broad rule regarding when a Rule 60(b) motion seeking relief from a final judgment in a habeas petition should be treated as a "second or successive habeas corpus application" under § 2244(b)(3)(A), it agreed that a motion for relief from judgment in a § 2254 proceeding is properly characterized as "second or

successive" if, among other things, it attacks a previous resolution of a claim on the merits. Gonzalez, ___ U.S. at ___, 125 S.Ct. at 2648-49.[3]

We have determined that Rule 60(b) motions are not subject to § 2244's prohibition on successive habeas petitions if "there was fraud upon the federal court which led to the denial of the habeas petition." See Gonzalez, 366 F.3d at 1278. This fraud exception to § 2244's prohibition on successive § 2255 motions, however, only applies "where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court." See id. at 1284. In generally arguing that the district court, in denying his § 2255 motion, covered up the original criminal conspiracy between the court, prosecution, and defense to deny El-Amin of his right to a direct appeal, El-Amin did not explain how the court's denial of his § 2255 motion affected the "integrity" of his § 2255 proceedings. See also Gonzalez, ___ U.S. at ___, 125 S.Ct. at 2648 n.5. Instead, he was reasserting a claim he, in essence, raised in his first § 2255 motion, and which relates to alleged fraud in the trial proceedings, not in the § 2255 proceedings.

---

[3] In Gonzalez, the Supreme Court clarified that a Rule 60(b) motion attacking a defect in the "integrity of the federal habeas proceedings," as opposed to attacking the merits of the court's previous habeas decision, is not barred by the AEDPA's restrictions on successive petitions. See Gonzalez, ___ U.S. at ___, 125 S.Ct. at 2648 n.5. Additionally, in United States v. Terrell, No. 02-14997 (11th Cir. 2005) (unpub.), we explained as persuasive authority that, although Gonzalez decided this issue only under § 2254, "its holding and rationale appl[ied] equally to § 2255, and [] it control[led] the disposition of [the] appeal."

9

Thus, to the extent El-Amin was seeking relief under Rule 60(b)(3), he was subject to the restrictions for second or successive § 2255 motions. See Gonzalez, 366 F.3d at 1284. The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A). Because the record does not reflect that El-Amin obtained such authorization, the district court lacked the authority to consider his motion pursuant to Rule 60(b)(3).

Furthermore, to the extent El-Amin was seeking relief from the district court's order denying him § 2255 relief, and he was relying on the "catch-all" provision in Rule 60(b)(6), the district court may relieve a party from a final judgment, order, or proceedings based on "any . . . reason justifying relief from the operation of the judgment," other than the more specific circumstances set out in Rules 60(b)(1) through (5). See Fed.R.Civ.P. 60(b)(6). El-Amin, however, previously filed a § 2255 motion, which the district court denied on the merits. Moreover, he was challenging a previous resolution of claims on the merits. See Gonzalez, ___ U.S. at ___, 125 S.Ct. at 2648-49. El-Amin's Rule 60(b) motion, therefore, was "a second or successive" § 2255 motion, and he had to obtain our authorization to file it. See 28 U.S.C. §§ 2244(b)(3)(A), 2255. Thus, the district

10

court also lacked jurisdiction over his motion as filed under Rule 60(b)(6), and we decline to review the substantive claim on which we granted COA. See Farris, 333 F.3d at 1216 (explaining that, without authorization, the district court lacks jurisdiction to consider a second or successive motion); see also United States v. Nyhuis, 211 F.3d 1340, 1344 n.4 (11th Cir. 2000) (holding that the issuance of a COA does not guarantee consideration of a movant's underlying constitutional claims, and that we should not decide a constitutional question if there also is present some other procedural ground on which the case may be disposed).

Nevertheless, when a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion. See 28 U.S.C. § 2244(b)(2)-(3). Here, the district court, instead, summarily denied El-Amin's Rule 60(b) motion. Accordingly, we affirm, but remand for the limited purpose of allowing the district court to modify its order to reflect that El-Amin's Rule 60(b) motion is dismissed for lack of jurisdiction.

**AFFIRMED AS MODIFIED.**