[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16676
Non-Argument Calendar
_____

D. C. Docket Nos. 04-80891-CV-DLG & 01-08168 CR-DLG

THOMAS D. ABRAMS,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 30, 2006)**

Before ANDERSON, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Thomas D. Abrams appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. On appeal, Abrams argues that (1) the district court failed to afford him the required 10 days to object to the magistrate's report and recommendation ("R & R"), (2) this Court should expand his certificate of appealability ("COA") to include issues I, II, and IV-XI from his motion for a COA, and (3) his counsel was ineffective for failing to object, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to the district court's use of facts not alleged in his indictment to increase his sentence. In response, the government maintains that we do not have jurisdiction to consider issues outside of the COA, and, further, that Abrams's ineffective assistance of counsel issue is outside of the COA. We will address the arguments in turn.

## I.    Scope of the COA

We are "obligated to raise questions concerning our subject matter jurisdiction sua sponte in all cases." Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1316 (11th Cir. 2004). We review our subject-matter jurisdiction de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004).

As an initial matter, Abrams appealed the denial of his § 2255 motion after April 24, 1996 and, thus, his appeal is governed by the COA requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

104-32, 110 Stat. 1214 (1996). Under the AEDPA, appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253; Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). In Jones v. United States, 224 F.3d 1251, 1255-56 (11th Cir. 2000), we noted that, when a district court grants a COA on some, but not all, issues raised in a § 2255 motion, a movant may seek a broader COA by "explicit[ly] request[ing]" that we consider an uncertified issue. Prior to Jones, we had stated that a movant's request to expand the COA "must be filed promptly, well before the opening brief is done," and that arguments in the brief addressing issues outside the COA "simply will not be reviewed." Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999). In Jones, however, we explained that Tompkins involved pre-AEDPA law, and, thus, its statements regarding AEDPA procedure were dicta. Jones, 224 F.3d at 1256. Even so, we declined to resolve the issue because the movant in Jones "had satisfied the more stringent standard by presenting this court with an explicit request to broaden his COA." Id. Thus, the issue of when a movant is required to file his "explicit request" to expand the COA order is an open question in this Circuit. Nevertheless, Tompkins still provides the best instruction available, as Jones did not decide the issue.

A.     **Procedural Due Process Error**

On appeal, Abrams argues that the district court erred in adopting the

3

magistrate's R & R "within 24 hours of the time it was issued" because the court did not consider Abrams's objections to the R & R. (Blue Brief at 15).[1]

In a habeas proceeding, we review questions of law de novo. Jones v. Campbell, 436 F.3d 1285, 1292 (11th Cir. 2006).

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]his clause . . . provides two different kinds of constitutional protection: procedural due process and substantive due process." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (quotation omitted) (alteration in original).

Section 636 of Title 28 of the United States Code sets forth the jurisdiction and powers of magistrate judges. According to that section, a magistrate judge may conduct hearings and submit to a district court judge its findings of fact and recommendations for the disposition of applications for posttrial relief made by criminal defendants. 28 U.S.C. § 636(b)(1)(B). The magistrate must also submit its findings and recommendations to the parties involved and, "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636. "A judge of the

---

[1]Abrams further argues that, because the district court failed to consider his objections to the R & R, we should now consider whether a COA may be granted with respect to those objections. That argument is addressed in section I(B).

court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Before reaching the merits of Abrams's due process argument, we must determine whether we may even consider the merits because, on its face, the COA does not include the issue. In McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001), we noted that, where the district court does not address procedural issues that we must resolve before reaching the merits of a COA issue, we will read the COA to encompass the procedural issues. In Abrams's case, we must first resolve the issue of whether the procedural due process violation requires either (1) remand to the district court, or (2) analysis as harmless error. Thus, under McCoy, this issue is a procedural issue of the type that the COA encompasses, and, as such, we may properly consider it here.

It is clear that the district court did not provide Abrams a ten-day opportunity within which to file his objections to the R & R, as the district court adopted the magistrate's R & R on January 9, 2006, five days prior to the expiration of the ten-day objection period. Thus, the district court violated 28 U.S.C. § 636 and thereby deprived Abrams of due process of law. Nonetheless, we find that the error was harmless because Abrams did not raise any new arguments in his objections to the magistrate's R & R that the district court had not considered

5

in reviewing Abrams's motion for a COA. See Marshall v. City of Cape Coral, Fla., 797 F.2d 1555, 1562-63 (11th Cir. 1986) (holding that the district court's failure to comply with the 10-day notice requirement set forth in Fed.R.Civ.P. 56(c) was harmless error). Moreover, Abrams could have cured the violation by filing a motion for reconsideration of the district court's order or by moving this Court, prior to filing his appellate brief, to consider his objections and expand his COA.

**B. Issues I, II, and IV-XI of Abrams's Motion for a COA**

Abrams argues that issues I, II, and IV through XI, as presented in his motion for a COA, were "debatable among jurists of reason and constitute[d] a substantial showing of the denial of a [c]onstitutional right." Abrams contends that, because the magistrate did not grant a COA on those issues, and because the district court did not consider his objections to the magistrate's findings, this Court should grant a COA on those issues. Abrams lists all the issues, but provides no further argument explaining why the issues merit the grant of a COA.

Abrams has not filed an explicit request to expand the COA, nor does he explain why the merits underlying the claims at issue warrant an expanded COA. Thus, to the extent that Abrams raises issues beyond the one issue for which the district court granted a COA, such issues are not properly before this Court, and we

6

will not review them.  See Jones, 224 F.3d at 1255-56; Tompkins, 193 F.3d at 1332; Murray, 145 F.3d at 1250-51.

**C.      Issue III of Abrams's Motion for a COA**

Abrams argues that the district court misconstrued the arguments in his § 2255 motion.  Abrams maintains that he argued in his § 2255 motion that his counsel was ineffective for failing to object to his sentencing enhancements based on Ring and Apprendi.  Abrams contends that he had never argued, contrary to the district court's conclusion, that his counsel was ineffective for failing to anticipate the change in the law advanced by Blakely and Booker.

Because the text of the COA is unclear on its face, and because it unequivocally references Abrams's Issue III from his motion for a COA, we find that the COA includes Abrams's argument that his counsel was ineffective for failing to object on Apprendi grounds.  See Murray, 145 F.3d at 1251 ("Although we will not decide any issue not specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record").

**II.      Ineffective Assistance of Counsel**

Abrams argues on appeal that, at sentencing, the district court enhanced his base offense level based on facts to which Abrams did not plead guilty and were not found beyond a reasonable doubt.  Abrams contends that the district court's

fact-finding violated his Sixth Amendment rights and that his counsel was ineffective for failing to object to the court's error under Apprendi. Abrams asserts that his counsel's ineffective assistance severely prejudiced him by allowing "the imposition of a 50-fold increase in [his] sentence based solely on judge made factual findings." Abrams further argues that the rule set forth in Apprendi had been clearly established prior to his sentencing hearing, and, thus, his counsel was fully apprised of the state of the law and should have properly objected.

"On appeal, we review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002).

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. We have clarified, however, that "[t]he rule in Apprendi only applies where a defendant is sentenced above the statutory maximum sentence for an offense." United States v. Davis, 329 F.3d 1250, 1254 (11th Cir. 2003). "Apprendi does not prohibit a sentencing court from imposing consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum." Id.

8

Here, the district court did not violate the rule set forth in <u>Apprendi</u> because Abrams's total sentence was less than the aggregate statutory maximum for all of his convictions. <u>See</u> <u>United States v. Smith</u>, 240 F.3d 927, 930 (11th Cir. 2001) (holding that there is no <u>Apprendi</u> error where "the ultimate sentence does not exceed the aggregate statutory maximum for the multiple convictions"). Thus, Abrams's counsel was not ineffective for failing to object on <u>Apprendi</u> grounds because there was no <u>Apprendi</u> error.

Upon review of the record, and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm the district court's denial of Abrams's § 2255 motion.

**AFFIRMED.**