[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14094
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00913-DLG-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREG RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 7, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In 1996, Greg Rivera having pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, the District Court sentenced him as a career offender to prison for a term of 262 months. In 1998, the District Court denied Rivera's 28 U.S.C. § 2255 motion to vacate his sentence on the ground that he lacked career offender status at sentencing.[1] On August 29, 2011, Rivera moved the District Court pursuant to Federal Rule of Civil Procedure 60(b) "for Appropriate Relief," contending again that he should not have been sentenced as a career offender. The District Court denied his motion and his subsequent motion for reconsideration. He now appeals both rulings.

We are obligated to examine our subject matter jurisdiction *sua sponte.* *Boone v. Sec'y, Dept. of Corrs.*, 377 F.3d 1315, 1316 (11th Cir. 2004) (*per curiam*). We review *de novo* whether the District Court properly exercised jurisdiction over Rivera's motion. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). The District Court lacked jurisdiction if Rivera's motion constituted a second or successive § 2255 motion and this court had not authorized Rivera to file it. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (*per curiam*).

Rivera's Rule 60(b) motion is a successive § 2255 motion. We did not grant Rivera authorization to file it. *See* 28 U.S.C. § 2244(b)(3)(A). Since the District

---

[1] Rivera's attempt to appeal the ruling failed because he was denied a certificate of appealability.

Court lacked jurisdiction to entertain it, we are powerless to consider its merits. *See Williams*, 510 F.3d at 1294-95; *Boone*, 377 F.3d at 1316.  Accordingly, we vacate the District Court's denial of Rivera's Rule 60(b) motion and motion for reconsideration, and remand the case with the instruction that the District Court dismiss Rivera's motion as an unauthorized successive § 2255 motion.

VACATED and REMANDED, with instruction.