[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11351
Non-Argument Calendar

_____

D.C. Docket No. 0:05-cr-60078-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTOINE FERNAND SAINT SURIN,
a.k.a. Antoine St. Surin,
a.k.a. Commandante,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Antoine Fernand Saint-Surin appeals from the district court's order denying his *pro se* Fed. R. Civ. P. Rule 60(b) motion for reconsideration, in which he sought reconsideration of both the court's order denying his motion for a reduction in sentence, 18 U.S.C. § 3582(c)(2), and its order denying his motion to vacate or void sentence, 28 U.S.C. § 2255. Saint-Surin maintains that the court, in denying both motions, wrongly relied on an incorrect finding made earlier in his criminal proceedings that he falsely told the court that his former attorney forged his signature on a legal services agreement. The district court did not err in denying Saint-Surin's Rule 60(b) motion to the extent it attacked the denial of his § 3582 motion. As § 3582 is a criminal statute, Saint-Surin cannot use Rule 60(b), a rule of civil procedure, to challenge the district court's decision to deny him a reduction in sentence. Further, the district court lacked jurisdiction to issue a ruling on the merits as to Saint-Surin's 60(b) challenge of the denial of his § 2255 motion to vacate. Accordingly, we affirm in part and vacate and remand in part.

Federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir. 2004). We review *de novo* questions concerning jurisdiction. *Brooks v. Ashcroft,* 283 F.3d 1268, 1275 (11th Cir. 2002).

Where appropriate, we review the denial of a Rule 60(b) motion for reconsideration for abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295

2

(11th Cir. 2006). A district court may abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures. *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010).

Rule 60(b) motions may relieve a party from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

In *United States v. Fair*, we concluded that a defendant could not seek reconsideration of an order denying his § 3582 motion for a reduction in sentence via a Rule 60(b) motion. 326 F.3d 1317, 1318 (11th Cir. 2003). We reasoned that, while there were considerable deficiencies in Fair's arguments on the merits, it was not necessary to discuss them "because Rule 60(b) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)." *Id.* Noting that while some post-conviction relief, such as habeas corpus proceedings, are civil in nature, we specified that § 3582 is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases. *Id.* We concluded that a § 3582 motion is merely a continuation of a criminal case, and that Fair could not

3

use Fed. R. Civ. P. 60(b) to attack any alleged deficiencies in the district court's underlying order denying his § 3582 motion. *Id.*

Generally, a Certificate of Appealability ("COA") is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a habeas proceeding. *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004) (*en banc*), *aff'd on other grounds sub nom.*, *Gonzalez v. Crosby*, 545 U.S. 524 (2005). However, where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, it also lacks jurisdiction to grant a COA. *See Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

A prisoner may file a Rule 60(b) motion on a "limited basis" to allege a defect in the integrity of the habeas proceedings with respect to the denial of his § 2255 motion. *Williams v. Chatman*, 510 F.3d 1290, 1293–94. These include an error based upon failure to exhaust, a procedural default, or a statute of limitations bar. *Id.* But, a prisoner may not file a Rule 60(b) motion to challenge the substance of the federal court's resolution of the § 2255 claim on the merits. *Id.*

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court explained that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions." *Id.* at 529 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted). Additionally, the Supreme Court held that the Antiterrorism and Effective Death Penalty Act

4

("AEDPA") does not explicitly limit the operation of Rule 60(b).  *Id.*  Nonetheless, the AEDPA does foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA.  *Id.* at 529–30.

The Supreme Court held in *Gonzalez* that a Rule 60(b) motion is treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits."  *Id*. at 532.  However, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition.  *Id*.  A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief."  *Id.* at 530.  The Court described the term "on the merits" to mean a determination whether grounds exist entitling a petitioner to relief.  *Id.* at 532 n.2.  When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez,* it must comply with the requirements for such petitions under the AEDPA.  *See* 28 U.S.C. § 2244.

Here, the district court did not err in denying Saint-Surin's motion for reconsideration, to the extent he sought to challenge the court's denial of his motion to reduce sentence under § 3582(c)(2).  As in *Fair*, we need not address the merits of Saint-Surin's claim because relief under Fed. R. Civ. P. 60(b) is not

available to an individual challenging his sentencing under § 3582(c)(2).  *See Fair*, 326 F.3d at 1318.  Because § 3582 is a criminal statute, Saint-Surin cannot use Rule 60(b) of the Federal Rules of Civil Procedure to challenge the district court's decision to deny him a reduction in sentence.  Thus, the district court correctly denied his motion for reconsideration in that respect.

Second, the district court lacked jurisdiction to rule on Saint-Surin's motion for reconsideration as to the denial of his § 2255 motion to vacate.  Saint-Surin's motion for reconsideration, to the extent it challenged the denial of § 2255 motion, raised a merits-related claim that was, in substance, part of a successive § 2255 motion as defined in *Gonzalez*.  *See Gonzalez*, 545 U.S. at 532.  In the motion for reconsideration, Saint-Surin summarized the argument he made in his § 2255 motion that no evidence existed that he signed the legal services agreement with his attorney DeFabio, the document was a forgery, and DeFabio worked under a conflict of interest.  The district court should have treated as successive the portion of Saint-Surin's Rule 60(b) motion that challenged the court's previous resolution of the conflict of interest and forgery claim on the merits.  Because Saint-Surin was attempting to relitigate a claim previously raised and decided in his § 2255 motion to vacate challenging the validity of his conviction, Saint-Surin was required to move in our Court for an order authorizing the district court to consider a successive § 2255 motion.  *See* 28 U.S.C. § 2244(b).  Because the court did not

6

have such authorization, it lacked subject matter jurisdiction to consider the motion, and therefore could not issue a COA with respect to his claim.  *See Williams*, 510 F.3d at 1294-95.  Thus, we vacate and remand to the district court with instructions to dismiss the Rule 60(b) motion, to the extent it challenged the denial of Saint-Surin's § 2255 motion to vacate, for lack of jurisdiction.  *See id.*

Based on the foregoing, we affirm, in part, and vacate and remand, in part.

**AFFIRMED, in part, and VACATED and REMANDED, in part.**