[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15749
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-62171-BB

JAMES J. HAAG,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 22, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Haag ("Haag"), *pro se*, appeals the district court's dismissal of his "Writ of Habeas Corpus pursuant to 28 U.S.C. 2254/Motion for Habeas Corpus Invoking Federal Rules of Court Rule 60(b)." The district court determined that Haag's motion, in fact, was a second or successive § 2254 motion, rather than a motion for relief from judgment under Rule 60(b). Because Haag did not obtain authorization to file a second or successive petition, the district court dismissed his motion. On appeal, Haag argues that the district court improperly recharacterized his motion, since he provided new evidence calling the integrity of his state-court conviction into question. According to Haag, this evidence related both to his factual innocence and various instances of prosecutorial fraud. For these reasons, Haag argues that his motion conformed to the requirements of Rule 60(b), Fed. R. Civ. P.

We review *de novo* the district court's dismissal of a § 2254 habeas petition. *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1009 (11th Cir. 2012). We review a denial of a Rule 60(b) motion solely for an abuse of discretion. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir.).

Under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

2

the application." 28 U.S.C. § 2244(b)(3)(A). It is now well settled that a district court lacks jurisdiction to consider a successive §2254 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. *See*, *e.g.*, *Boone v. Secretary, Dep't of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependent not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11 Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Rule 60, Fed. R. Civ. P., provides in relevant part, as follows:

> Grounds for Relief from a Final Judgment, Order, or proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentations, or misconduct by an opposing party;

3

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on
an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

*Gonzalez v. Crosby* established that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." 545 U.S. 524, 532 (2005). Under such circumstances, the motion is properly brought under Rule 60(b), and the district court need not obtain prior authorization from the appellate court to entertain the claims for relief. *Id*. On the other hand, a filing that seeks to attack the court's underlying resolution of a claim on the merits is, "if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" [28 U.S.C. § 2254]. *Id*. at 531. A "claim," in this context, is "an asserted federal basis for relief from a state-court conviction." *Id*. at 524. So under *Gonzalez*, "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id*.

4

Here, the district court correctly recognized that Haag's self-styled Rule 60(b) motion was, in substance, a § 2254 claim.

Haag's language in his initial filing and his subsequent objections to the district court's order demonstrates that he sought to set aside his conviction rather than challenge the integrity of the proceedings in which it was rendered. In his initial motion, for example, he stated that "The Newly Discovered Evidence Claim as in this case is a complicated Issue of showing Actual Innocence [credible showing] that would allow the Petitioner to pursue his claims on the merits." Haag also referred to the effect his new evidence could have had on the jury at his trial, stating, "The Petitioner's claims involve[] evidence the Trial Jury did not have before it, the Petitioner seek[s] [for] this court to assess how reasonable Jurors would have reacted to the over all prosecutor's bolstering, enhancing the credibility of its own witnesses and the Newly Discovered Evidence." And in Haag's objections to the court's order, he argued that, with regard to his motion, he had "shown that there is at least a reasonable probability that the results of case #85-12055-CF-10A before the 17th Judicial Circuit, in and for Broward County, Florida, and prior case # 87-CV-07002-EBD before this Honorable Court proceeding would have been different had the Constitutional violations not occurred." This language is geared towards attacking the conviction, as opposed to the integrity of the proceedings.

Though styled as a Rule 60(b) motion and support therefor, Haag's filings do not appear to make any meaningful reference to his prior habeas proceeding. Rather, Haag's filings advance a "claim" within the meaning of 28 U.S.C. § 2244, so they trigger the requirements of the statute. *Jordan*, 915 F.2d at 624-25; *Gonzalez*, 545 U.S. at 524. As a result, the district court did not err in looking beyond the styling of Haag's motion to its substance and concluding that it was in fact a habeas corpus petition. Fed. R. Civ. P. 60(b)(2), (3); *Jordan*, 915 F.2d at 624-25. And because Haag did not obtain permission from this Court to file his second or successive petition, the district court did not err in dismissing his motion as unauthorized. 28 U.S.C. § 2244(b)(3)(A); *Farris*, 333 F.3d at 1216. Accordingly, we affirm.

**AFFIRMED.**