[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/18/03
THOMAS  K. KAHN
CLERK

_____

No. 96-7105
Non-Argument Calendar

_____

D.C. Docket No. CR-91-73-N(01)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE D. OLIVER,
EDNA PALMER OLIVER,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Middle District of Alabama

_____

(August 5, 1998)

Before GODBOLD, HILL and FAY, Senior Circuit Judges

PER CURIAM:

Edna Oliver appeals her 164-month sentence for conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841 and 846, possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Johnnie Oliver appeals his 121-month sentence for conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841 and 846, possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and distribution of cocaine base, 21 U.S.C. § 841(a)(1).

The Olivers had successfully argued in their motions to vacate, 28 U.S.C. § 2255, that their convictions under 18 U.S.C. § 924(c) were invalid in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 142-43, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995). The district court ordered that the Olivers be resentenced in order to determine whether their sentences should be enhanced under U.S.S.G. § 2D1.1(b)(1), which provides a two-level enhancement for possession of a firearm during the commission of a drug offense. At sentencing, the district court applied the § 2D1.1(b)(1) enhancements to the Olivers' offense levels. On appeal, the Olivers argue that the district court lacked jurisdiction to resentence them.

We review de novo questions concerning the jurisdiction of the district court. See e.g., United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).

Upon review of the relevant caselaw, and consideration of the parties' briefs, we find no reversible error.

2

Appellants' arguments are foreclosed by this Court's holding in United States v. Mixon, 115 F.3d 900 (11th Cir. 1997). In Mixon, 115 F.3d at 901-02, as here, the defendant received a longer guideline sentence at resentencing, after his firearm conviction was vacated pursuant to Bailey. This Court held that, "based on the broad language of § 2255 and the interdependence of the multiple counts for sentencing purposes," a district court had jurisdiction to recalculate a defendant's entire sentence and that such resentencing did not defeat the defendant's double jeopardy rights nor expectations of finality. Mixon, 115 F.3d at 903.

This Court's decision in United States v. Rosen, 764 F.2d 763 (11th Cir. 1985), cert. denied, 474 U.S. 1061 (1986), is not in opposition to its decision in Mixon. Rosen was a pre-guidelines case and the language cited by the Olivers was dicta. See United States v. White, 980 F.2d 1400, 1401 n.2 (11th Cir. 1993)(rejecting otherwise precedential authority because the issue was considered in dicta in a pre-guidelines case); see also Rosen, 764 F.2d at 763-66. Because it was a pre-guidelines case, the Rosen Court could not have considered the unique relationship between 18 U.S.C. § 924(c) and U.S.S.G. § 2D1.1(b)(1). Because the district court had jurisdiction to resentence the Olivers on their unchallenged counts following their successful collateral attacks on their convictions under 18 U.S.C. § 924(c), we affirm.

**AFFIRMED.**

3