[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

No. 10-10527
Non-Argument Calendar

_____

D.C. Docket No. 8:04-cr-00348-SCB-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN CATALANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Catalano, proceeding *pro se*, appeals the district court's denial of his

motions to revisit his prison sentence that was imposed approximately three years

earlier, after a jury found him guilty of conspiracy to commit racketeering. He contends that he filed his motions pursuant to 18 U.S.C. § 3553(a) and raises the substantive claim that his sentence was procedurally unreasonable because the district court failed to conduct an individualized assessment. The government responds that, pursuant to the unambiguous language of 18 U.S.C. § 3582(c), the district court lacked jurisdiction to consider Catalano's motions to revisit his sentence.

"We review *de novo* questions concerning the jurisdiction of the district court." *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). Whether the district court has the authority to modify a custodial sentence after it has been imposed is a question of law subject to *de novo* review. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

We recently held that "[t]he authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute":

> Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a

2

> sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Id.* at 1194-95; *see* 18 U.S.C. § 3582(c). As to the second circumstance allowing a sentence modification set forth in § 3582, "[t]he unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195. Further, a district court has no "inherent authority" to modify a sentence that has already been imposed. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002) (holding that the district court erred in concluding that it had "inherent power" to correct a sentence it had imposed six years earlier and which it viewed to be illegal).

We conclude that none of the circumstances allowing a district court to modify a sentence are present in the instant case. The district court recognized that it had no authority to reconsider Catalano's sentence by stating that it "cannot" reconsider the motion. The district court was correct that it lacked jurisdiction and thus we affirm.[1]

**AFFIRMED.**

---

[1] Catalano's request for oral argument is denied.