[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15667

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:90-cr-00152-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

NICHOLAS MAURICO RIVAS-GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 24, 2012)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Nicholas Mauricio Rivas-Gomez, proceeding pro se, appeals the district court's order denying, for lack of jurisdiction, his motion to dismiss a possible indictment, information, complaint, or arrest warrant issued against him. Reversible error has been shown; we affirm in part and vacate and remand in part.

Rivas-Gomez was deported to Colombia after completing the imprisonment portion of his sentence for possession with intent to distribute cocaine. While serving his term of supervised release, however, Rivas-Gomez was charged with a second drug offense and was extradited back to the United States. As a result, the district court later issued an arrest warrant charging Rivas-Gomez with violating the terms of his supervised release.

Rivas-Gomez filed a motion asking the district court to dismiss "a possible indictment, information, complaint, or . . . arrest warrant against him." In particular, he argued that the extradition treaty between the United States and Colombia prevented the government from punishing him for violating the terms of his supervised release.[1] The district court denied the motion for lack of jurisdiction.

---

[1] Under the terms of the Extradition Treaty with Colombia, a person extradited from Colombia to the United States "shall not be detained, tried or punished . . . for an offense other than that for which extradition has been granted." Extradition Treaty Between the United States of America and the Republic of Colombia, U.S.-Colom., art. 15, ¶ 1, Sept. 14, 1979, S. Treaty Doc. No. 97-8.

We review the district court's determination about its jurisdiction de novo. United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998).[2] Article III of the United States Constitution limits the judicial power of the federal courts to "cases" and "controversies." Flast v. Cohen, 88 S.Ct. 1942, 1949 (1968). It is also well-established that federal courts lack jurisdiction to issue advisory opinions. Id. at 1950-51.

To the extent that Rivas-Gomez's motion sought the dismissal of a "possible indictment, information, [or] complaint" -- none of which existed -- it amounted to a request for the district court to issue an advisory opinion. Thus, the district court lacked jurisdiction to consider that portion of Rivas-Gomez's motion. See id.

But Rivas-Gomez's motion also asked the district court to dismiss the arrest warrant that it had issued against him. Because the district court had the inherent authority to determine the validity of its own order, the court erred in denying this portion of Rivas-Gomez's motion for lack of jurisdiction. See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining that "[a] district court has inherent authority to manage its

_____

[2] In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

own docket").  Thus, we vacate and remand for additional proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.