[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14289
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:01-cr-00548-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN COLE,
a.k.a. John Archie Cole,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

John Cole, a federal prisoner proceeding *pro se*, appeals the district court's

denial of his motion to correct his sentence under Federal Rule of Criminal Procedure 35(a). We agree with the district court's finding that it lacked jurisdiction to consider the motion and, accordingly, we affirm.

Cole was originally convicted in 2001 of firearm and drug offenses and sentenced to life imprisonment.[1] This court affirmed his convictions on direct appeal in 2002. *United States v. Cole*, 45 Fed. App'x 885 (11th Cir. 2002) (unpublished). Between 2002 and 2010, Cole filed numerous motions challenging his convictions and sentences, including one motion to vacate under 28 U.S.C. § 2255.

In August 2011, Cole filed the instant motion to correct his sentence under Rule 35(a), challenging the use of two of his prior state court convictions to enhance his sentence.[2]

The district court found that Cole's Rule 35(a) motion was untimely and, therefore, that the court lacked jurisdiction to consider it. Alternatively, the court

---

[1] Specifically, Cole was convicted of two drug offenses and two firearm offenses. The district court sentenced him to concurrent terms of 120 months, life imprisonment, and 360 months for the 18 U.S.C. § 922(g), and 21 U.S.C. § 841 offenses, respectively. The fourth count, a conviction under 18 U.S.C. § 924(c), carried a mandatory consecutive 60-month term of imprisonment.

[2] Cole's sentences were enhanced based on his 1985 and 1989 state court convictions under Fla. Stat. § 893.13. Cole contends that this statute is unconstitutional on its face under *Shelton v. Sec'y, Dept. of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011).

2

denied the motion on the merits. Cole now appeals.

We review *de novo* questions of the district court's jurisdiction. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). "[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).

Rule 35 provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other error." Fed. R. Crim. P. 35(a). A district court can modify a sentence under Rule 35(a) only within the rule's time limitation. *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Moreover, although a district court has jurisdiction to modify a defendant's sentence in limited circumstances, it has no inherent authority to modify a sentence *sua sponte*. *Diaz-Clark*, 292 F.3d at 1316–18.

Here, the district court properly concluded that it lacked jurisdiction to modify Cole's sentences because Cole filed his Rule 35(a) motion in 2011, far beyond the rule's time limit for modifying sentences imposed in 2001.[3] We

---

[3] We liberally construe *pro se* filings to determine if there is any legally justifiable basis for relief. *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). Federal prisoners seeking to collaterally attack their convictions and sentences generally must do so under § 2255.

construe the district court's denial as a dismissal and affirm. *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court possessed subject matter jurisdiction and should have denied the defendant's motion on the merits).

**AFFIRMED.**

---

28 U.S.C. § 2255; *see also Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). But we cannot construe Cole's motion as a motion to vacate sentence under § 2255 because Cole has previously filed such a motion, and he lacks permission to file a second or successive one. 28 U.S.C. § 2244(b)(3)(A).