[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15837
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00031-SPM-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SETH JERCHOWER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 7, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Seth Jerchower appeals his conviction for using interstate commerce to

induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

On appeal, Jerchower argues that the district court abused its discretion in refusing

to hold an evidentiary hearing on his motion to withdraw his guilty plea and in

denying that motion.  The government argues that the district court did not have

jurisdiction to consider Jerchower's motion.  For the reasons set forth below, we

affirm Jerchower's conviction and sentence.

I.

Jerchower was indicted for, and pleaded guilty to, using interstate

commerce to induce a minor to engage in sexual activity.  At the plea colloquy,

Jerchower testified that he understood that his guilty plea would be final, that he

would not be able to withdraw his plea "except in the most unusual

circumstances," and that he would not be able to withdraw his guilty plea because

he received a longer sentence than he had expected.  Furthermore, he understood

that his sentence would be at least ten years' imprisonment, but not more than life

imprisonment.  The magistrate judge explained the sentencing process, including

the fact that the district court could impose a sentence that was either shorter or

longer than the advisory guideline range.  Jerchower testified that he understood

the sentencing process and that his sentence might be different from any estimate

that his attorney, Robert Harper, Jr., or the government had provided.  Jerchower

2

further testified that no one had made him any promises as to the sentence he would receive. Jerchower pleaded guilty. The magistrate recommended that the district court accept Jerchower's guilty plea, and the court did so.

Jerchower was originally sentenced to 327 months' imprisonment. After filing a notice of appeal, Harper filed a motion to withdraw as Jerchower's counsel of record. On appeal, we agreed with Jerchower's argument that the district court had erroneously applied a two-level sentencing enhancement. *United States v. Jerchower*, 631 F.3d 1181, 1187 (11th Cir. 1187). We vacated Jerchower's sentence and remanded the case to the district court for resentencing. *Id.*

On remand, the district court granted Harper's motion to withdraw and appointed the Federal Public Defender to represent Jerchower. Prior to his resentencing hearing, Jerchower filed a motion to withdraw his guilty plea, and he requested a hearing on the motion. Jerchower argued that he had not received close assistance of counsel prior to pleading guilty, which rendered his guilty plea not knowing and voluntary. Specifically, Jerchower asserted that Harper had led him to believe that, under the plea agreement, his sentence would be 120 months' imprisonment, and he pleaded guilty on the basis of that promise. The government responded that Jerchower had pleaded guilty knowingly and voluntarily and that, at the plea colloquy, he had acknowledged that he understood that he could not

3

withdraw his guilty plea based on the length of his sentence and that no one had made any promises not contained in the plea agreement.

The district court denied Jerchower's motion to withdraw his guilty plea. The court found that Jerchower's assertion that he had not received close assistance of counsel was belied by his statements during the plea colloquy. Jerchower had not shown his statements regarding his understanding of the sentencing process, statutory sentencing range, or limitations on withdrawing his guilty plea to be false. Nor had Jerchower shown that his statement that no one had promised him a specific sentence was false.

The court ultimately sentenced Jerchower to 262 months' imprisonment, and Jerchower timely appealed.

## II.

We review *de novo* questions regarding the district court's jurisdiction. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998). Jurisdictional issues—that is, issues regarding whether a court has the power to hear a case—cannot be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Thus, jurisdictional issues must be resolved even if neither party raised such issues before the district court. *Id.* We review both a district court's decision not to hold an evidentiary hearing and a

4

district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion unless its decision "is arbitrary or unreasonable." *Id.* (quotation omitted). A district court's refusal to hold an evidentiary hearing is not an abuse of discretion where the court conducted an extensive plea colloquy. *Id.*

Under the law of the case doctrine, a district court is required to follow an appellate mandate, and the district court may not "assert jurisdiction over matters outside the scope of a limited mandate." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). In contrast, where we vacate a criminal sentence, the sentence "becomes void in its entirety." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). In such a case, the sentence "has been wholly nullified and the slate wiped clean." *Id.* (quotation omitted). In *Stinson*, the government had asked the district court to impose an upward departure at the defendant's first sentencing hearing, but the court had refused to do so. *Id.* at 468. The government did not appeal that denial. *Id.* at 469. At the defendant's resentencing hearing, the government again asked for an upward departure, and the district court changed course and granted the request. *Id.* at 468. We rejected the defendant's argument that, by failing to appeal the denial of an upward departure, the government had

5

waived its right to seek a departure at the resentencing hearing. *Id.* at 469. We explained that, "consistent with our holistic approach to sentencing, once a criminal sentence is vacated, the sentence and any consequences that flow from that sentence are totally wiped away." *Id.*

A defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). Once the court imposes sentence, a defendant may not withdraw his guilty plea. Fed.R.Crim.P. 11(e). We have applied the "fair and just reason" standard in a case where the defendant did not move to withdraw his guilty plea until his resentencing hearing. *United States v. Johnson*, 89 F.3d 778, 779, 784 (11th Cir. 1996).

We consider four factors when reviewing the district court's denial of a motion to withdraw a guilty plea: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298 (quotation omitted). In making its decision, the district court "may consider the totality of the circumstances surrounding the plea." *Id.* (quotation omitted). "The good faith, credibility and weight of a defendant's assertions in

6

support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Id.* (quotation omitted). "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The defendant "bears a heavy burden" to show statements made under oath at a plea colloquy were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Here, the district court had jurisdiction to consider Jerchower's motion. Our earlier mandate in Jerchower's case was not a limited mandate. Rather, we vacated Jerchower's entire sentence. *See Jerchower*, 631 F.3d at 1187; *Stinson*, 97 F.3d at 469. As in *Stinson*, the consequences stemming from the original sentencing, including the Rule 11(e) prohibition on the withdrawal of a guilty plea, were "wiped away" when the sentence was vacated. 97 F.3d at 469. Because Jerchower filed his motion to withdraw his guilty plea before being resentenced, the district court had jurisdiction to consider the motion. *See* Fed.R.Crim.P. 11(d)(2).

Next, because the magistrate conducted an extensive plea colloquy, the district court did not abuse its discretion in refusing to hold an evidentiary hearing on Jerchower's motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298. On appeal, Jerchower argues that the district court should not have relied on the

7

plea colloquy because he did not dispute the sufficiency of the magistrate's inquiries during the plea colloquy. This argument is meritless because Jerchower's testimony during the plea colloquy regarding his understanding of the sentencing process and the sentence he might receive went directly to the validity of the claims he made in his motion.

Finally, the district court did not abuse its discretion in denying Jerchower's motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298. Jerchower's sole argument on appeal regarding the merits of his motion is that he did not receive close assistance of counsel because Harper gave him inaccurate information regarding the sentence he would receive, thereby rendering his plea not knowing and voluntary. The district court's finding that this assertion was belied by his testimony during the plea colloquy was correct. Jerchower testified that he understood that: (1) his term of imprisonment could be as short as ten years or as long as life imprisonment; (2) the district court could impose a term of imprisonment that was below or above the advisory guideline range; (3) the sentence he received might be different from any estimate that Harper had provided; and (4) he would not be permitted to withdraw his guilty plea because he received a longer sentence than he expected. He further testified that no one had promised him that he would receive a specific sentence. The district court

8

determines the credibility and weight to give Jerchower's assertions in support of his motion, and here, the district court rightfully credited Jerchower's testimony that he had not been promised a specific sentence rather than his assertion to the contrary in his motion to withdraw his guilty plea. *See id.* Jerchower did not meet the "heavy burden" to show that his testimony during the plea colloquy was false. *Rogers*, 848 F.2d at 168. Therefore, Jerchower did not show that his plea was not knowing and voluntary due to a lack of close assistance of counsel, and the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298.

For the foregoing reasons, we affirm Jerchower's conviction and sentence.

**AFFIRMED.**