[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16498
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22107-FAM


ABEL DIAZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Abel Diaz, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Diaz is serving a sentence of 30 years' imprisonment after his conviction on conspiracy, drug and gun charges in the Southern District of Florida. He was incarcerated in Inez, Kentucky when he filed his petition in the Southern District of Florida. He had previously filed a 28 U.S.C. § 2255 motion to vacate in October 2003. The district court dismissed Diaz's petition on the basis that he was not permitted to file a second or successive § 2255 motion, and he could not proceed through § 2241 because he had not satisfied the requirements of § 2255(e)'s savings clause.

On appeal, Diaz argues that the sentencing court plainly erred by applying enhanced statutory penalties to his conviction for conspiracy to possess cocaine where the jury had not specifically determined the drug amount that was involved, in violation of *Apprendi*[1]. He asserts that he should be permitted to raise his claim as it meets the requirements of the savings clause. He additionally argues that the government's failure to prove a specific drug amount beyond a reasonable doubt violated *DePierre*[2], which he contends is retroactively applicable to his case. Finally, he requests that we consider the reasoning in *Alleyne*[3] in evaluating the merits of his claim.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).
[2] *DePierre v. United States*, 564 U.S. __, 131 S. Ct. 2225 (2011).
[3] *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013).

"We review de novo questions concerning the jurisdiction of the district court." *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998) (per curiam). A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44, 124 S. Ct. 2711, 2722–23 (2004).

In *Rumsfeld*, the Supreme Court explained that the proper respondent to a habeas petition is the person who has custody over the petitioner "with the ability to produce the prisoner's body before the habeas court." *Id.* at 434–35, 124 S. Ct. at 2717. It explained that the general rule for habeas petitions is that jurisdiction lies solely in the district of confinement. *Id.* at 443, 124 S.Ct. at 2722. Specific to § 2241 petitions, the Court directed that a petitioner seeking to challenge his present physical custody "should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447, 124 S.Ct. at 2724. The Court emphasized that there was not a single case in which it had deviated from the rule that a habeas petitioner challenging his present physical custody was required to name his immediate custodian as respondent and file his petition in the district of his confinement. *Id.* at 449–50, 124 S. Ct. at 2726.

It is undisputed that Diaz was incarcerated in Kentucky at the time he filed his § 2241 petition in the Southern District of Florida. In his reply brief filed on 23 May 2014, Diaz lists his current incarceration as F.C.I. Bennetsville, Bennettsville,

3

SC, 29512.  Thus, the district court lacked jurisdiction to review his petition because he was not incarcerated in that district.  *See Rumsfeld*, 542 U.S. at 443–44, 124 S. Ct. at 2722–23.  Accordingly, we vacate the district court's order and remand with instructions to transfer the case to the appropriate district court.

**VACATED AND REMANDED WITH INSTRUCTIONS.**