[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10487
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60134-WPD-3


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

RONALD LAROSE,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronald Larose, a federal prisoner, appeals *pro se* the denial of his motion to reduce his sentence, 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines and the denial of his motion for reconsideration, Fed. R. Crim. P. 35(a). Larose argues that the district court abused its discretion in denying his motions because it improperly weighed the relevant sentencing factors, 18 U.S.C. § 3553(a). We affirm in part and vacate in part.

We review for abuse of discretion the denial of a motion to reduce a sentence based on a later change in the Sentencing Guidelines. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). And we review *de novo* the jurisdiction of the district court. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998).

A district court must follow a two-step process in ruling on a motion to reduce a sentence based on a later change in the Sentencing Guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range." *Id.* That is, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." *Bravo*, 203 F.3d at 780 (quoting *United*

*States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998)). Second, the district court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range based on the relevant sentencing factors, 18 U.S.C. § 3553(a). *Bravo*, 203 F.3d at 781; *see also Vautier*, 144 F.3d at 760 ("The grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2)] is unambiguously discretionary."). The district court is "not required to articulate the applicability of each factor as long as the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (internal quotation marks omitted).

Under Federal Rule of Criminal Procedure 35(a), a district court may correct a sentence for an "arithmetical, technical, or other clear error" within 14 days after sentencing. Fed. R. Crim. P. 35(a). That 14-day deadline is jurisdictional. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *see also United States v. Phillips*, 597 F.3d 1190, 1196–97 (11th Cir. 2010). In *Phillips*, we held that when a district court reduces a sentence under section 3582(c)(2) "the strictures of Rule 35 apply." 597 F.3d at 1197–99. We later held that the rationale of *Phillips* extends to cases in which the district court denies a motion to reduce a sentence on the merits because a "denial on the merits is still, in essence, a new sentence." *United States v. Anderson*, 772 F.3d 662, 667 (11th Cir. 2014).

3

The district court did not abuse its discretion when it denied Larose's motion to reduce his sentence. The district court correctly followed the two-step process for deciding whether to grant Larose's motion. The district court recalculated Larose's guideline range and weighed the relevant sentencing factors. The district court acted within its discretion when it found that Larose's original 151-month sentence was necessary to protect the public, promote respect for the law, and act as a deterrent. We affirm the denial of Larose's motion to reduce his sentence.

We cannot consider Larose's arguments about the denial of his motion for reconsideration. The district court lacked jurisdiction to deny Larose's motion for reconsideration more than 14 days after it had denied his motion to reduce his sentence. Accordingly, we vacate that order.

**AFFIRMED IN PART AND VACATED IN PART.**