[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14055
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00266-TCB-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN HICKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 20, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Hickey, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to compel the government to file a Fed. R. Crim. P. 35(b) motion for a sentence reduction due to his post-sentence substantial assistance.  Hickey argues that the government breached its plea agreement when it did not file a Rule 35 motion as the result of his post-sentencing substantial assistance.  He also argues that the government's only motivation for failing to file a motion for further sentence reduction was due to his homosexuality and Catholicism.

We review questions of the district court's subject matter jurisdiction *de novo*.  *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998).  Whether a district court may grant a downward departure from the guideline range under Rule 35 in the absence of the government's motion is a question of law reviewed *de novo*.  *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (reviewing the government's decision not to file a § 5K1.1 motion).  We review *de novo* the question of whether the government has breached a plea agreement.  *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998).  We may affirm a district court's decision on grounds that the district court did not address.  *See Ochran v. United States*, 273 F.3d 1315, 1317-18 (11th Cir. 2001).

Under the Sentencing Guidelines, the government may file a motion informing the district court of the defendant's substantial assistance and request a

downward departure.  *See* U.S.S.G. § 5K1.1.  Under Rule 35(b), "[u]pon the government's motion," the district court may reduce a defendant's sentence after he has been sentenced if the defendant provided substantial assistance in investigating or prosecuting another defendant.  Fed. R. Crim. P. 35(b).  When the defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial assistance motion.  *See Wade v. United States*, 504 U.S. 181, 185 (1992) (addressing the government's failure to file a substantial assistance motion in the § 5K1.1 context); *see also United States v. McNeese*, 547 F.3d 1307, 1308-09 (11th Cir. 2008) (applying *Wade* in the Rule 35(b) context).  Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as the defendant's race or religion.  *Wade*, 504 U.S. at 185-86 (quotation marks omitted).  However, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing."  *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009).  Thus, judicial review generally is appropriate only when "there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation."  *Forney*, 9 F.3d at 1502.

3

We have explained that "[t]he substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *United States v. Orozco*, 160 F.3d 1309, 1316 (11th Cir. 1998) (quotation marks omitted). We have concluded that a defendant's argument that the government could not refuse to file a substantial-assistance motion for "reasons other than the nature of [defendant's] substantial assistance" was not supported by *Wade*, and it was contrary to the "broad grant of prosecutorial discretion recognized by this court." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (quotation marks omitted) (brackets in original). Accordingly, even though the government conceded that the defendant's assistance had been substantial, we did not review the government's decision not to file a motion for a reduction of the defendant's sentence in the absence of an unconstitutional motive. *See id.*

If the defendant makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of the express terms of the plea agreement, an evidentiary hearing and relief may be appropriate. *See Forney*, 9 F.3d at 1500-03 & nn. 2, 5. However, where a plea agreement requires the government only to consider filing a Rule 35 motion and places the decision solely in the hands of the government, the government retains this power and does not breach the agreement by failing to file such a motion. *See id.* at 1499-1500.

4

Accordingly, under these circumstances, the district court has no jurisdiction to review whether the defendant in fact offered substantial assistance "unless and until the government makes a . . . motion for downward departure based on substantial assistance." *See id.* at 1499-1502 & n.2.

The district court lacked jurisdiction to consider Hickey's motion because the government did not breach its plea agreement with Hickey and he did not make a substantial showing that the government's failure to file a motion was based on unconstitutional reasons.

**AFFIRMED.**