[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11954
Non-Argument Calendar

_____

D.C. Docket Nos. 1:19-cv-20133-KAM; 1:97-cr-00257-KAM-1

PABLO EMILIANO SUESCUN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 16, 2019)

Before ED CARNES, Chief Judge, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Pablo Emiliano Suescun, a pro se litigant, was convicted of a variety of drug offenses in 1998.  He was sentenced to life in prison.  His conviction was upheld on direct appeal, and in 2002 the district court denied his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1]

Suescun now moves to reduce his sentence using a writ of audita querela. Audita querela is an ancient, common law writ that allows a defendant to attack the execution of a judgment based on a defense that arose after the judgment was entered.  United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005).  Under the All Writs Act, federal prisoners may sometimes use common law writs to attack their convictions.  Id.  But courts cannot grant relief under common law writs if "relief is cognizable under § 2255."  Id. at 1175.

Suescun contends that he should be resentenced because his sentencing and § 2255 motion were both decided under the guidelines before United States v. Booker, 543 U.S. 220 (2005), when the guidelines were considered mandatory. But Booker does not apply retroactively to cases on collateral review.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).  Suescun attempts to get around that problem by using the audita querela writ.  He argues that because Booker is

---

[1] In 2016 he moved to reduce his sentence under an amendment to the sentencing guidelines, and it was adjusted from life to 480 months in prison.  That motion is not at issue here.

not retroactive, relief is not cognizable under § 2255.  And because relief is not cognizable under § 2255, the court can grant him relief using the writ.

The magistrate judge found that, because Suescun was attacking the constitutionality of his sentence, his motion for an audita querela writ was properly construed as a second or successive motion under § 2255, and he had not obtained authorization from this court to file it.  As a result, the magistrate judge recommended dismissing his motion.  Suescun objected to that recommendation, but the district court adopted it and dismissed the motion.

"We review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela." Holt, 417 F.3d at 1174. We also review de novo a district court's dismissal for lack of jurisdiction.  United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998).

On appeal, Suescun contends that the district court was wrong to characterize his filing as a § 2255 motion and that he is entitled to relief under the writ.  Suescun's arguments are barred by the Holt decision.  Holt also contended that he should be able to attack his sentence using a writ of audita querela.  Holt, 417 F.3d at 1173.  He argued that the court made a post-verdict factual finding that was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), a case that was decided after his sentencing.  Holt, 417 F.3d at 1173.  Under Holt's

3

theory, because <u>Blakely</u> did not apply retroactively, § 2255 was unavailable to him; and the writ was a proper way to assert his <u>Blakely</u> defense. <u>Id.</u> at 1174.

We disagreed. It did not matter that <u>Blakely</u> didn't apply retroactively. We held that because Holt was "collaterally attacking his sentence as violating the United States Constitution," his claim was cognizable under § 2255. <u>Id.</u> at 1175.

So too here. Suescun is collaterally attacking his sentence as unconstitutional under <u>Booker</u>. That claim should be brought under § 2255. He cannot avoid the retroactivity ban on <u>Booker</u> arguments by invoking an ancient writ.

The district court correctly construed Suescun's filing as a § 2255 motion. <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (holding that federal courts may "ignore the legal label that a <u>pro</u> <u>se</u> litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"). And it properly dismissed Suescun's motion because he had previously filed a § 2255 motion and had not received permission from this Court to file a second. <u>See</u> <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).

**AFFIRMED.**

4